UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CALVIN S. CUMMINGS,

    Petitioner,

v.

    Case No: 2:21-cv-97-JES-NPM
    Case No. 2:08-CR-31-FTM-29NPM

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #87)[1] filed on February 4, 2021. The government filed a Response in Opposition to Motion (Cv. Doc. #6) on March 22, 2021. On April 13, 2021, the Court took the motion under advisement, appointed the Office of the Federal Public Defender, and directed supplemental briefing. (Cv. Doc. #7.)

Counsel file a Supplemental Memorandum in Support (Cv. Doc. #11) urging the Court to vacate petitioner's sentence pursuant to U.S. Sentencing Guidelines Manual § 5G1.3. The government filed a Motion to Dismiss (Cv. Doc. #14) arguing that the motion to

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

vacate was procedurally barred or meritless. The Federal Public Defender's Office was permitted to withdraw based on a conflict, and new counsel was appointed to file a response to the motion to dismiss. (Cv. Doc. #18.) Petitioner filed a Response (Cv. Doc. #23) through new counsel.

On February 8, 2010, petitioner was sentenced to a term of imprisonment of 188 Months as to each count to be served concurrently to each other, and concurrently to the sentences in Lee County Circuit Court sentences in Case Nos. 07-CF-022039 and 08-CF-014595, "beginning from the date the defendant was taken into custody, which the Court believes to be 12/31/08"; followed by a term of supervised release of 60 months as to Count One and 36 months as to Count Two, to run concurrently. (Cr. Doc. #69.) Finding that the sentence was improperly imposed, the U.S. Bureau of Prisons declined to calculate credit in the manner set forth by the Court.

The U.S. Bureau of Prisons has now advised the Court that it has recomputed the credit to be awarded to petitioner, consistent with the sentence imposed by the Court. As a result, petitioner was released from federal custody on March 4, 2022, as reflected on the Bureau of Prisons website. Since the petition (Cv. Doc. #1) seeks no other relief, the Court finds that the case is moot, and the petition will be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The government's Motion to Dismiss (Cv. Doc. #14) is **DENIED** as moot.

2. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #87) is **DISMISSED WITHOUT PREJUDICE** as moot.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S.

322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of March 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
U.S. Probation

- 4 -